Case 1:25-mj-00182-GMH    Document 1-1

Case: 1:25-mj-00182
Assigned To : Judge Harvey, G. Michael
Assign. Date: 8/27/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF OFFENSE

1. I, Sam D. Shahrani, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

2. I submit this affidavit in support of a criminal complaint, charging Terrance BOYD (DOB XX/XX/XXXX) with unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

3. Unless otherwise stated, the conclusions and beliefs I express in this affidavit are based on my training, experience, and knowledge of the investigation, and reasonable inferences I have drawn from my training, experience, and knowledge of the investigation.

### BACKGROUND

4. Since July 2024, the Federal Bureau of Investigation ("FBI") has led a narcotics investigation alongside the Drug Enforcement Administration ("DEA") and the D.C. Metropolitan Police Department ("MPD") into narcotics trafficking in the vicinity of the 2900 block of Knox Place Southeast, Washington, D.C.

5. On August 22, 2025, the Honorable Moxila A. Upadhyaya issued a Rule 41 search warrant (25-sw-238), authorizing the search of multiple residences and vehicles, including the residence of Terrance BOYD at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

6. On August 26, 2025, law enforcement executed the search warrant at BOYD's residence: a one-bedroom apartment located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ BOYD was inside the apartment, along with an adult female and a teenage juvenile male. An air mattress was present in the living room and the teenage juvenile male claimed that the electronics present on the air mattress belonged to him.

1

7. Boyd's clothing and juvenile male clothing were found inside one of the bedroom's two closets—the closet closest to the bed. In the bedroom law enforcement recovered $10,179 in U.S. currency: $10,010 was found inside a safe located beneath a nightstand located directly between the bed and this closet. This currency was bundled together into nine bundles of $1,000 and one bundle of $1,010 in mixed denominations of $10, $20, $50, and $100 bills. The remaining $169 was located in the nightstand drawer. Also located in the bedroom was a green leafy substance packaged in individual bags, a money counter, a vacuum sealer, and a scale.

8. Hanging on a hook affixed to the exterior of that same bedroom closet door, next to the previously mentioned nightstand, law enforcement found a Ruger-5.7 pistol with serial number 643-67724. The firearm was loaded with one round of 5.7x28mm ammunition in the chamber, and at least two additional rounds of ammunition in the magazine, which had been inserted into the weapon.

9. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate commerce before it was recovered in the District of Columbia.

10. Your Affiant knows that BOYD is prohibited from possessing a firearm due to BOYD having multiple prior felony convictions punishable by a term of imprisonment exceeding one year. In D.C. Superior Court case number 2022 CF2 002248, BOYD was convicted of Carrying a Pistol Without a License, and was sentenced on January 25, 2023, to 20 months' incarceration, with 2 months suspended, followed by 1 year of probation. In D.C. Superior Court case number 2011 CF2 002600, BOYD was convicted of Possession with Intent to Distribute a Controlled Substance (Marijuana), and was sentenced on August 2, 2011, to 18 months' incarceration, followed by 3 years' supervised release. In D.C. Superior Court case number 2008

CF2 016552, BOYD was convicted of Carrying a Pistol Without a License, and was sentenced on October 21, 2008, to 18 months' incarceration, followed by 3 years of supervised release. In Prince George's County, Maryland, case number CT052115A, BOYD was convicted of Robbery with a Dangerous Weapon, and was sentenced on April 28, 2006, to 3 years' incarceration, followed by one year of parole. Based on these facts, I believe BOYD had knowledge that he was an individual convicted of a crime punishable by imprisonment of a term exceeding one year.

11. As such, your affiant submits that probable cause exists to charge 18 U.S.C. § 922(g)(1), which makes it unlawful for a person previously convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm.

Respectfully submitted,

Sam D. Shahrani
Special Agent
Credential #24726
Federal Bureau of Investigation

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 27, 2025.

HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE